IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GLOBAL COMMODITIES, INC., | |
| Plaintiff, | |
| | Case No. 0:26-CV-79 |
| v. | |
| CAPITAL DISTRIBUTORS LLC, and CAPITAL IMPORTS, LLC. | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff, Global Commodities Inc. ("Plaintiff" or "Global"), as and for its Complaint alleges as follows:

### NATURE OF THE ACTION

1.  This is a civil action for unregistered trademark infringement and false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Minnesota common law.

### PARTIES

2.  Plaintiff, Global Commodities Inc., is a New York corporation having a principal place of business at 60 Commerce Place, Hicksville, New York 11802. Plaintiff, Global, has been in the business of advertising, selling and offering for sale, *inter alia*, rice

1

products primarily to the Middle Asian community in the United States and the State of Minnesota.

3. Upon information and belief, Capital Distributors LLC, ("Capital Distributors") is or was formerly a Minnesota limited liability company having a business address at 3446 Snelling Ave Minneapolis, Minnesota 55406.

4. Upon information and belief, Capital Imports LLC ("Capital Imports") is a Minnesota limited liability company having a business address at 3446 Snelling Ave Minneapolis, Minnesota 55406.

## JURISDICTION

5. Upon information and belief, this court has personal jurisdiction over Defendants, because Defendants Capital Distributors LLC and Capital Imports LLC (collectively "Defendants") are residents of this district.

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), because this action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a). In addition, a substantial part of the events giving rise to the claims occurred in this district. Further, for Plaintiff's state-law claims, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

7. Plaintiff states that this action is related to Case #: 0:24-cv-00216-JMB-EMB, which is pending in this Court. On August 14, 2024, the Court issued an order

dismissing without prejudice a Global trade dress claim for its rice bag. On October 15, 2025, the Court issued an order dismissing without prejudice a Global common law trademark claim only to the extent such claim constituted a trade dress claim.[1]

## FACTUAL BACKGROUND

8. For over twenty-five years, Global has sold its rice product in bags that have distinctive nonfunctional labelling that has been recognized by the relevant market as a source identifier for Global. Global's distinctive nonfunctional label features a deer, a decorative border around the perimeter, the border having decorative corners, a starburst on the right side, a box on the left side, a box on the right side, and red, blue, and green printing, as shown in the following image:



9. Although not asserted in the present action, Global has additionally developed rights in trade dress in the of the overall visual appearance of its rice packaging, including the use of a non-woven bag with a printed brown mesh pattern giving the appearance of a traditional jute sack, the bag's proportions, protruding handles made from

---

[1] The allegations of this paragraph are statements of procedural facts only. Plaintiff reserves all rights with respect to such orders.

3

the same material as the bag and printed with a brown mesh pattern, a predominant and consistent brown, green, and red color palette, and a centered vertical layout and visual hierarchy of product information, exclusive of Plaintiff's word marks, logos, and graphic trademarks. Plaintiff's presently-asserted trademark rights in its labeling are distinct from its presently-unasserted trade dress rights.

10. Defendants are selling rice products in packaging with labelling that closely imitates the overall appearance of Plaintiff's rice bag labelling and is designed to create consumer confusion as to source. Reproduced below is a copy of Global's rice bag label on the left and Defendants' rice bag label on the right.

 

11. The Defendants' use of a colorable imitation of the distinctive nonfunctional labelling features of Plaintiff's bag in commerce in the United States of America, including the State of Minnesota, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

12. Defendants had full knowledge of the distinctive nonfunctional labelling features of Plaintiff's bag at the time it created its infringing bag as it was a longtime customer of Plaintiff. Defendants have continued to use the infringing bag even after Plaintiff notified Defendants of their infringement.

13. On information and belief, Defendants intentionally adopted packaging that appropriates the overall appearance of Plaintiff's bag by copying nonfunctional labelling features on Plaintiff's bag.

14. Defendants' conduct constitutes trademark infringement and false designation of origin by misleading consumers as to the source, sponsorship, or affiliation of Defendants' products.

**Capital's Purposeful Copying of Plaintiff's Label Design**

15. Third party Capital Distribution LLC was an entity owned and controlled by Ibrahim Osman (hereinafter "Osman"). Third party Capital Distribution LLC acted as a distributor for Plaintiff's rice sold in bags with Plaintiff's distinctive bag with Plaintiff's nonfunctional labelling features from about 2009 to about 2014.

16. Prior to July 19, 2012, Osman was known by the name Mohammed Yusuf. At that time, while working at Capital Distribution, Ibrahim Osman / Mohammed Yusuf was the individual that interacted with Plaintiff in connection with his role as a distributor of Plaintiff's rice.

17. On information and belief, on or about July 19, 2012, Osman changed his name from Mohammed Yusuf to Ibrahim Osman.

18. On information and belief, on or about December 5, 2014 Osman shut down Capital Distribution LLC and began doing business as Capital Distributors.

19. Capital Distributors was owned and controlled solely by Osman. Capital Distributors initially acted as a distributor for Plaintiff's rice sold in bags with Plaintiff's distinctive nonfunctional labelling features on its bag.

20. As a result of this prior distributor relationship, Defendants had direct access to Plaintiff's rice packaging, knowledge of Plaintiff's trade dress and trademarks, and familiarity with Plaintiff's branding long before introducing Defendants' competing products.

21. In 2016, Plaintiff's founder passed away and shortly thereafter, Capital Distributors reduced sales of Plaintiff's rice and began to sell their own competing rice until purchases of Plaintiff's rice ended in 2020.

22. For more than 25 years, Global's rice packaging has prominently displayed a deer or fawn logo as part of the nonfunctional labelling included in its overall bag design.

23. Capital Distributors designed the label of its infringing rice by copying many elements of Global's distinctive bag, including by placing a deer logo at the center of its bag.

24. On information and belief, Capital Distributors launched its infringing rice without making any investment in marketing or advertising by substituting the infringing product to the same customers that had been purchasing Global's rice.

25.     Capital Distributors' intention to copy Global's rice labelling is further demonstrated by differences between Defendants' AL AFIA brand rice and non-rice product packaging labels.  For example, Defendants' AL AFIA brand sesame oil products as sold in bottles that lack an animal (deer), a border around the perimeter having decorative corners, a starburst on the right side, a box on the left side, and/or a box on the right side, but do include a horizontal stripe with an ornate decorative pattern, as shown in the following screenshots:



26. On December 22, 2021 Plaintiff sent Capital Distributors a cease-and-desist letter regarding their infringement.

27. Defendants are selling the same type of products as Plaintiff's rice.

28. On information and belief, the Defendants willfully misappropriated Plaintiff's distinctive nonfunctional labelling on its bag.

29. Defendants' conduct constitutes trademark infringement and false designation of origin by misleading consumers as to the source and affiliation of Defendants' products.

30. The Defendants' aforesaid conduct is causing immediate and irreparable injury and damage to the Plaintiff and will continue to cause irreparable injury and damage to the Plaintiff unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

## Osman's Conflicting Testimony Shows Willful Copying

31. On information and belief, Defendants have characterized the deer logo on the infringing bag as an impala (not a deer) in an attempt to distinguish the products. The testimonial inconsistencies described below further demonstrate Defendants' access to Plaintiff's packaging and willful copying of Plaintiff's branding and bag.

32. In a Testimony Declaration before the U.S. Patent & Trademark Office's Trademark Trial & Appeal Board (TTAB) in 2023 (Exhibit 1 hereto), Mr. Osman testified at paragraph 12 that:

> "12. I chose the impala mark for the Al Afia rice because of the cultural significance of the impala and the impression the impala has when it appears

8

on a product for Somalis. The impala is considered a blessing for good fortune, and is identified by the Somali community with national pride. I also grew up with tales about the impala…"

33.     Contrary to Mr. Osman's Declaration testimony before the TTAB, Exhibit 2, which contains true and correct copies of deposition exhibits, portions of which are reproduced below, shows that the AL AFIA rice logo was not an impala but a roe deer created by a third-party artist and copied without a license by Mr. Osman.

*Third Party Created Deer Image*          *Osman's Alleged Created Impala Image*

  

34.     In his Testimony Declaration before the TTAB, Osman testified at paragraph 17 that he originally chose to incorporate a male impala into the design of the AL AFIA rice logo and that he subsequently "decided to redesign the brand using an image of a female impala instead of a male because women have always been important in my life, and I wanted to pay tribute to them." Osman TTAB Testimony Declaration ¶ 19.

35.     On information and belief, that testimony was false and the design of the accused product was copied from Plaintiff's product packaging.

36.     In his Testimony Declaration before the TTAB Mr. Osman testified that at ¶ 21-22:

9

"21. I decided to name the brand 'Al Afia' which, translated in English, means 'to your health.'
22. I included the heart element in the Capital Impala Mark to indicate good health."

37. Contrary to his Testimony Declaration before the TTAB claiming Osman's authorship of the AL AFIA brand name and design, Exhibit 3, which contains true and correct copies of deposition exhibits, shows that Osman copied his brand and design from the pre-existing Saudi Arabian brand AFIA that has no connection to Mr. Osman or any of his companies. The AFIA brand from Exhibit 3 shows the same name, font and heart shaped image Osman incorporated into his AL AFIA rice.

38. The image from Exhibit 3 is shown below next to the image Osman claimed to have authored.

*Prior 3rd Party Mark*          *Osman's Alleged Independent Creation*

 

**Defendants' Pattern of Conduct Demonstrates an Intent to "Pass Off" Its Goods as Those of Others**

39. Defendants have engaged in a pattern of conduct that demonstrates intent to "pass off" their goods as those of others, including various brands of goods offered by Global and those of at least one third party.

40. As discussed above, Defendants' AL AFIA brand—with or without an associated heart design and/or stylized font—used on food products such as rice and oil imitates a third-party AFIA brand used on food products including oil.

41. As also discussed above, Defendants AL AFIA rice brand bag labels imitate Global's distinctive AAHU BARAH rice bag label.

42. Defendants' intention to copy Plaintiff's unregistered label trademark rights is further demonstrated by its copying the distinctive appearance of two additional rice brands used by Global (that are not asserted in this action).

43. Beginning no later than 2003, Plaintiff has been substantially continuously engaged in the sale of rice in the United States under its common law trademark TAWUS brand and peacock logo (which are not asserted in this action). Reproduced below is a photo of the label for rice sold under Global's TAWUS brand and peacock logo:



44. For many decades, Plaintiff has also been substantially continuously engaged in the sale of rice in the United States under its registered trademark GHIZAL brand (which is not asserted in this action). Plaintiff has a federal registration in the wordmark GHIZAL for rice, Reg. No. 3,708,470.

45. The following screenshot from Defendants' web site shows Defendants' AL TAWUS, AL AFIA, and AL GHAZAL rice brands in their respective labelled bags, each such label including an image of an animal (a deer or peacock), a green border with decorative corners, a starburst, left and right boxes, and color schemes that use prominent red and green.



46. On information and belief, Defendants began using a colorable imitation of Global's TAWUS label on or around January of 2023. Reproduced below is a copy of Global's TAWUS rice bag label on the left and Defendants' AL TAWUS rice bag label on the right.

 

47. On information and belief, Defendants began using a colorable imitation of Global's GHIZAL mark on or around November of 2024, through Defendants' use of the AL GHAZAL mark.

## CLAIMS FOR RELIEF

### First Claim for Relief
### Trademark Infringement

48. Plaintiff hereby charges Defendants with unregistered trademark infringement and Plaintiff hereby repeats and realleges paragraphs 1 to 47 hereof, as though fully recited herein.

49. Plaintiff's continuous, exclusive use and promotion of its distinctive, non-functional, unregistered mark, as shown on its bag detailed in the table below (Plaintiff's "Bag Mark"), has caused relevant purchasers to identify the mark with Plaintiff and rely on it as an indicator of source. The unregistered mark, and its components, act only to identify Global as a source and are not relevant to the use or purpose of the rice product. Plaintiff's asserted unregistered trademark rights are distinct from its unasserted trade dress rights.

50. Defendants' unauthorized use of the features of Plaintiff's Bag Mark, in commerce in the United States of America, including the State of Minnesota, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored,

endorsed or approved by Plaintiff.  At least one well-designed and well-controlled survey indicates a net confusion rate above 10%, indicating source identification attributes of the unregistered mark and a likelihood of confusion.  Several third-party customers of Global and Defendants have also reported actual confusion between the products.  The Bag Mark consists of:



51.     On information and belief, the Defendants willfully misappropriated Plaintiff's Bag Mark.

52.     Defendants' unlawful use of the Plaintiff's Bag Mark constitutes common law trademark infringement under the Minnesota Common Law and trademark infringement of an unregistered mark under the Lanham Act 15 U.S.C. § 1125(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Global, prays that this Court will enter judgment in its favor on each and every claim for relief set forth above against Defendants, including but not limited to:

A. Entering judgment in favor of Plaintiff and against Defendants on all claims.

B. Permanently enjoining the Defendants, their officers, agents, servants, employees, and such other persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, and each of them, from infringing Plaintiff's trademarks and from falsely designating the origin of Defendants' products and services, and specifically from:

    (a) using Plaintiff's trademarks; and

    (b) making in any manner whatsoever any statement or representation that is likely to lead the public to believe that either of the Defendants or its business is associated or connected with, approved or sponsored or licensed by or authorized or franchised by Plaintiff.

C. Requiring Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements and all other material in their possession that use Global's distinctive Bag Design or any colorable imitations thereof; as well as require Defendants to deliver up for destruction all plates, molds, matrices, and other means for making the same.

D. Require the Defendants within thirty (30) days after the service of the injunction on it to file with the Court a report in writing under oath setting forth in detail the manner and form in which said Defendants have complied with the injunction.

E. Granting to Plaintiff an accounting of Defendants' profits caused by such conduct.

F. Granting to Plaintiff damages for Defendants' conduct under 15 U.S.C § 1117(a).

G. Granting to Plaintiff such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: January 7, 2026        By: s/ Austen Zuege
                                  Austen Zuege (No 330267)
                                  Westman, Champlin & Koehler, P.A.
                                  121 South Eighth Street, Suite 1100
                                  Minneapolis, MN 55402
                                  Telephone: (612)330-0585
                                  Email: azuege@wck.com

                                  Thomas A. O'Rourke (to be admitted *pro hac vice*)
                                  O'Rourke IP Law, PLLC
                                  425 Broadhollow Road, Suite 120
                                  Melville, NY 747
                                  631-423-2700
                                  Email: torourke@orourkeiplaw.com

                                  Michael Cukor (to be admitted *pro hac vice*)
                                  McGeary Cukor LLC

16

3104 E Camelback Rd, #1010
Phoenix AZ 85016-3402
Email: mcukor@mcgearycukor.com

**ATTORNEYS FOR PLAINTIFF GLOBAL COMMODITIES, INC.**